UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICOLE NILSON,<br>Plaintiff | )<br>)<br>)<br>) |
| v. | )  Civil Action No._____<br>)<br>)<br>) |
| WILLIAMS & FUDGE, INC.,<br>Defendant | )<br>)<br>) |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney's fees and costs brought by Plaintiff Nicole Nilson (herein, "Plaintiff"), an individual consumer, against Williams & Fudge, Inc. (herein, "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (herein, the "FDCPA").

2. Defendant violated the FDCPA by falsifying the amount of a debt.

### II. JURISDICTION & VENUE

3. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

1

4. Venue in this district is proper in that the Plaintiff resides here, Defendant transacts business here, and the conduct complained of occurred here.

### III. PARTIES

5. Plaintiff is a natural person residing in Fulton County, Georgia.

6. Defendant is a corporation organized under the laws of South Carolina.

7. Defendant transacts business in this state.

8. Defendant's transactions in this state give rise to the Plaintiff's cause of action.

9. Defendant is subject to the jurisdiction and venue of this Court.

10. Defendant may be served by personal service upon any authorized agent or officer at its principal place of business at 300 Chatham Avenue, Rock Hill, South Carolina 29730.

11. Alternatively, Defendant may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and the laws of Georgia and/or South Carolina as applicable.

### IV. STATUTORY STRUCTURE

12. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote

consistent state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

13. Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

14. Under the FDCPA, a "debt" is any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

15. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

16. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section (…) (2) the false representation of (A) the character, amount, or legal status of any debt. 15 U.S.C. § 1692e.

17. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

18. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained; statutory damages up to $1,000.00; and attorney's fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

## V. FACTUAL ALLEGATIONS

19. The principal purpose of Defendant is the collection of consumer debts.

20. Defendant regularly attempts to collect consumer debt alleged to be due another.

21. Defendant is engaged in the collection of debts from consumers using the mail and telephone.

22. Defendant attempted to collect a debt allegedly due to Winthrop University from Plaintiff by sending a letter dated October 16, 2013 to Plaintiff (herein, the "October 16th Letter") which stated that Plaintiff was indebted to Winthrop University in the amount of $1,683.69. A true and correct copy of the October 16th Letter is attached hereto as Plaintiff's Exhibit A.

23. Defendant sent Plaintiff the October 16th Letter in an attempt to collect an alleged debt which was incurred for the personal services of Plaintiff attending school.

24. Plaintiff sent a response letter to Defendant requesting validation of the debt in accordance with the FDCPA.

25. Defendant sent a reply letter to Plaintiff dated October 23, 2013 (herein, the "October 23rd Letter") which reiterated the claim that Plaintiff was indebted in the amount of $1,683.69. However, the October 23rd Letter also included an account statement from Winthrop University stating that the amount of the alleged debt was $1,262.77. A true and correct copy of the October 23rd Letter is attached hereto as Plaintiff's Exhibit B.

26. Plaintiff disputes that any debt is owed to Winthrop University because Plaintiff attended Winthrop University on a full scholarship, but regardless of whether the alleged debt is owed, Defendant sent a communication in attempt to collect a debt for another party which stated that the amount of $1,683.69 was owed on a debt when the Defendant's own records showed that the amount of the debt was $1,262.77. Defendant repeated this violation twice in writing.

27. Defendant also made repeated phone calls to Plaintiff in attempt to collect this false amount.

28. As a result of Defendant's conduct, Plaintiff has suffered emotional distress including but not limited to frustration, anxiety, worry, and anger.

29. As a result of Defendant's conduct, Plaintiff has incurred attorney's fees and mileage to and from her attorney's office.

## V. CLAIM FOR RELIEF

30. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 29.

31. The conduct of Defendant violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692f.

32. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for declaratory judgment that the Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## VI. TRIAL BY JURY

33. Plaintiff is entitled to and hereby demands a trial by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Actual damages to be determined by a jury;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 22nd day of November, 2013.

**ARMOR LAW, LLC**

/S/Chris Armor
_____
Christopher N. Armor
Georgia Bar No. 614061
Attorney for Plaintiff
303 Perimeter Center North, Suite 300
Atlanta, GA 30346
Phone: (678) 690-8489
Fax: (404) 592-6102
Email: chris.armor@armorlaw.com